Shields *v.* Dyer.

SHIELDS *v.* DYER.

(*Knoxville.*   October 5th, 1887.)

1. TRUST DEED.   *Securing several notes construed.*

   Several notes maturing at different dates, secured equally by a trust deed on the same land, are entitled to share the security *pari passu.*

   Cases cited and approved: Andrews *v.* Holgood, 1 Lea, 693; Christian *v.* Clark, 10 Lea, 630; Hill *v.* McLean, 10 Lea, 107.

2. SAME.   *Effect of sale by trustee for one note only.*

   In such case, if the owner of one note, knowing that the others are unpaid, procures a sale by the trustee for the *payment of his note only*, and purchases the land at less than one-third its value, the owner of the other notes having no notice of the sale, such purchaser, and those redeeming from him, take the land subject to the lien of the trust deed in favor of the other unpaid notes.

   Case cited and approved: Wicks *v.* Caruthers, 13 Lea, 353.

FROM HAMBLEN.

Appeal from Chancery Court of Hamblen County. GEO. P. YOE, Sp. Ch.

McDERMOTT & KYLE for Shields.

KING & GAMMON for Dyer.

CALDWELL, J. On the 13th of April, 1874, George W. Dyer executed to Nannie E. Kirkpatrick (then an unmarried woman) five promissory notes—the first for $100, the next three for $150 each, and the last for $67.66; and maturing, respectively, December 1st, 1874, December 1st, 1875, December 1st, 1876, December 1st, 1877, and December 1st, 1878.

On the day the notes were given, George W. Dyer and his wife conveyed a certain tract of land, in Hamblen County, to Lemuel Roder, in trust, to secure the payment of said notes, power of sale, in case of default of payment, being vested in the trustee.

Nannie E. Kirkpatrick afterwards married Thomas Shields. The two notes first maturing were paid to them; and they assigned the third one to John H. Weaver, at a date not given in the record, and not material now to be known.

The last two notes remaining in their hands and being still unpaid, Shields and wife, on the 10th of July, 1885, filed this bill in the Chancery Court at Morristown against Dyer and wife and the trustee.

They allege the execution of the notes and the deed of trust—the non-payment of the last two notes, and the failure of the trustee to make sale; and pray for decree and forclosure under the orders of the court.

Dyer and wife, by way of defense, say, in their answer, that the trustee made a sale of the land, in accordance with the terms of the trust deed, some time since, for the payment of the note assigned to Weaver; that Weaver became the purchaser at that sale, bidding for the land the amount due on his note; that Dyer, within two years thereafter, redeemed the land from Weaver by paying the amount due him to the trustee; and, finally, that in this way the conveyance to the trustee has served its purpose, and is now *functus officio.*

They also rely upon the statute of limitations of six years as a bar to the action upon the notes.

From the proof it appears that the trustee did sell the land to Weaver on the 24th of April, 1880, and that Dyer afterwards paid to the trustee the amount of Weaver's debt in redemption of the land, as stated in the answer. But it also appears that the sale was made, as stated in the advertisement, and as was well understood by Dyer, Weaver, and the trustee, *for the payment only of the note held by Weaver*, and not for the satisfaction of all unpaid notes, as it should have been; and it further appears that Shields and wife had no actual notice of the sale; that only five or six persons were present at the sale, including Dyer and the trustee; that but one bid was made, and the land was sold and bought for a sum not exceeding one-third of its value; and that Dyer knew, and Weaver and the trustee must have known, that the two notes now sued upon were outstanding and unpaid.

Under these facts we hold that the purchaser took the land encumbered with the trust in favor of these complainants for their unpaid notes. *Wicks and wife* v. *Caruthers et al.*, 13 Lea, 353.

Dyer, under his redemption from the purchaser, and deed from the trustee, stands in no better position.

That the land was sold for the payment of a note maturing before those remaining in the hands of the complainants can make no sort of difference. The several notes bear the same relation to each other as purchase-money notes for land, secured by a lien in the face of the deed, which are entitled to equality of satisfaction without reference to their time of maturity or assignment. *Andrews* v. *Holgood*, 1 Lea, 693.

Priorities may be made by contract (*Christian* v. *Clark*, 10 Lea, 630; *Hill* v. *McLean*, Ib., 107), but there is no pretense of such a contract here; hence the rule that equality is equity should prevail.

To meet the plea of the statute of limitations the complainants rely upon a new promise. Though there is conflict in the proof upon this point, the preponderance is clearly with the complainants, and shows a promise (such as is required by the decisions of this Court) to have been made within two years next before the filing of this bill.

Complainants are entitled to the relief sought in their bill. The decree of the Chancellor so adjudging will be affirmed at the cost of the defendants.